## CONVERSION OF CHECKS USED IN PAYMENT OF INSURANCE. PREMIUMS.

Circuit Court of Cuyahoga County.

THE PARK NATIONAL BANK OF CLEVELAND, OHIO, v. THE TRAV-
ELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

Decided, January 22, 1905.

*Agency—Banks and Banking—Bank Liable to Principal for Amount of
Checks Drawn on Other Banks Cashed for Agent.*

Authority of an insurance broker to collect premiums from policy
holders, raises no presumption of authority on his part to endorse
and collect checks, and a bank which cashes them upon the en-
dorsement of the agent and then collects them from the banks upon
which they were drawn is liable to the principal as for conversion
of the checks.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is brought to reverse a judgment for
$2,409.67 recovered at the April term, 1905, of the Cuyahoga
common pleas court by the Travelers Insurance Company against
the Park National Bank. The action below was begun to re-
cover from said bank the amounts of certain checks drawn on
other banks in favor of said insurance company by holders of
its policies in payment of premiums. The checks were given
by the drawers about July 1, 1902, to one W. B. Uhl, an insur-
ance broker, by whom the business was solicited, and the policies
delivered. But although Uhl had authority thus to collect the
premiums he, without authority, endorsed the checks in the
insurance company's name by his own as agent, and deposited
them to his own account in said bank, by which they were col-
lected in the ordinary course from the banks on which they were
drawn. Uhl's deposit was subsequently withdrawn and con-
sumed by him, and he became a fugitive. The insurance com-
pany's attorneys learned of Uhl's misconduct October 29, 1902,
having consumed the interval in the investigation and attempted
settlement of the matter with Uhl's friends.

At the trial, and upon the court's ruling that the defendant had the burden, the bank put in its evidence first. After both parties had rested, each asked the court to direct a verdict in its favor. When the defendant's motion was disallowed, it made no request to go to the jury upon the facts, and the court was thus clothed with the functions of a jury, so that the verdict for the plaintiff, which the court thereupon directed, can not here be set aside unless clearly against the weight of evidence. *First National Bank* v. *Hayes & Sons,* 64 Ohio St., 100.

It is claimed, however, that the verdict thus directed is founded on insufficient evidence and on a petition which states no cause of action. The bank insists that the insurance company has its remedy against the policy holders, because, on this state of facts, the premiums which they owed have never been paid, payment of their check by the drawees upon forged endorsements being, in law, no payment at all. The fact that the policy holders may have recourse upon their own banks, and the latter, in turn, upon the defendant below, affords no warrant, it is urged, for the short cut sought to be taken here; for the intervening parties may well have defenses *inter se* that are not available in this action, and, in any event, there is no privity between the parties here.

We think, however, that the rule of *Shaffer* v. *McKee,* 19 Ohio State, 527, presents a complete answer to this contention. The syllabus is:

"A debtor of the plaintiff enclosed and mailed to her a draft on a bank in New York, payable to her order. The draft was stolen from the mail and the thief, having placed a forged endorsement of the plaintiff's name thereon, sold the same to the defendant, who drew from the bank the money and appropriated it to his own use. *Held:* On this state of facts the plaintiff was entitled to recover the amount of the draft from the defendant."

It is said, however, that the reasoning in that case proceeds upon a state of the law which does not now prevail, for there the plaintiff was permitted to recover against the defendant because she might have recovered against the drawee, the action being in the nature of trover and the damages being the amount

which could have been recovered from the bank. But we think the checks in this case, whose value the defendant below received, were clearly things of value, the property of the insurance company; that, misled by Uhl's forgery and false representation of agency, the bank converted this property; that on these facts it is liable to this action for damages, and that it is no answer to say that some one else may also have incurred a liability in the transaction. Nor do we know of any principle on which a person whose property has been thus converted owes a duty to the person converting it of notifying the latter when the conversion is discovered or of exercising any greater promptness or diligence in making demand than was employed in this case.

The defendant below, having interposed by general denial and other allegations, the defense that Uhl had authority from the plaintiff to endorse the checks in question, and that, even if he was without authority, he had actually paid the proceeds to plaintiff, was charged with the burden of making good those defenses, as the court below rightly ruled. Uhl's admitted authority to collect premiums from the policy holders and his right to commissions thereon, create no presumption of authority on his part to endorse and collect checks made payable to the order of his principal. We find no error in this record and the judgment below is affirmed.